UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DOMINIQUE ALVIERI, *et al.*,

                Petitioners,

    – against –

MICHAEL A. ZENK, *et al.*,

                Respondents.
-----------------------------------------------------------X

**MEMORANDUM and ORDER**

04 CV 5031 (SLT)

**TOWNES, United States District Judge**:

        In this action, 22 inmates of the Metropolitan Detention Center in the Eastern District of New York seek class certification and a writ of *habeas corpus* to compel respondents to recalculate their sentences under 18 U.S.C. § 3624(b), as well as the sentences of those similarly situated. Six additional inmates filed separate motions to amend the Petition to add themselves as petitioners. Based on the submission of the parties, and for the reasons stated below, the Petition is DENIED, Petitioners' motion for class certification is DENIED, and each of the four pending motions to amend are DENIED.

## BACKGROUND

        Each of the *pro se* Petitioners in this action have been convicted of at least one federal offense in either the Southern District of New York, the Eastern District of New York, the District of New Jersey, or the District of Connecticut. They each dispute the method of calculation used by the Bureau of Prisons

("BOP") in crediting their sentences for good behavior ("GTC") pursuant to 18 U.S.C. § 3624(b) ("Section 3624(b)"). Section 3624(b) states, in pertinent part:

> [A] prisoner who is serving a term of imprisonment of more than 1 year[], other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at th end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations . . . [I]f the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate . . . Credit that has not been earned may not later be granted . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be pro-rated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1). According to Petitioners, canons of statutory construction require the Court to read the phrase "term of imprisonment" found in the first sentence of the above-quoted statute as the same "term of imprisonment" mentioned in subsequent sentences of the passage. With this reading, Petitioners argue, the maximum amount of time creditable to a prisoner's sentence is 54 days multiplied by the number of years of confinement to which the prisoner was sentenced. (Petition, ¶ 7.) However, the method of calculation currently employed by BOP is not dependent on the sentence of the inmate but instead subtracts 54 days of the inmate's remaining sentence at the end of each year during which the inmate's conduct entitles him or her to good time credit. *See* 28 C.F.R. § 523.20 ("an

inmate earns 54 days credit toward service of sentence (good time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year."). The difference between these two methods of calculation is seven days per year, which, Petitioners argue, is a loss not creditable to the sentence of those serving more than 13 months. (Petition, ¶ 7.)

According to Petitioners, the method of calculation employed by the BOP produces inconsistent results, and denies Petitioners of both equal protection under the law and procedural due process. Respondent argues that Petitioners failed to exhaust their administrative remedies, that the BOP method of calculation is reasonable and entitled to *Chevron* deference.

## DISCUSSION

*Jurisdiction*

"[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of the litigants before them." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). This requirement, known as the "case or controversy" requirement, precludes the court from maintaining an action on behalf of a petitioner who does not have an injury "likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). Many of the named Petitioners have been released from custody, to wit, Petitioners Angel Rivera, Luis Eeasterling, Alberto Saez-Gorron, Juan C. Agurdelo, Juan Patino, Rasheen Jordan, Luis Ramirez-Gonzales, Timothy Blackman, Ismal Decampos, Ibrahima Dialo, and Earl Douglas (the "Released Petitioners"). For these

3

individuals, recalculation of GTC will serve no purpose of which this Court is aware. Therefore, with respect to the Released Petitioners, the instant petition is deemed moot and dismissed as to them. *Christian v. Bureau of Prisons*, 2005 WL 2033381, at *2 (S.D.N.Y. Aug. 23, 2005) (petition moot where petitioner challenged § 3624(b) and was released during the pendency of his action).

*BOP Calculation Scheme*

The remaining Petitioners' arguments against the BOP method of calculation have all been made in nearly identical petitions (some bearing the exact same wording, save the Petitioners' names, inmate register numbers, and sentences[1]) brought in several circuits over the past year. Courts faced with this issue have ruled in favor of Respondents, agreeing with the petitioners that Section 3624(b) is ambiguous, but upholding the BOP's method of calculation as a reasonable interpretation thereof, and dismissing the petition. *See, e.g., Perez v. Zenk*, 2005 WL 990696, at *3 (E.D.N.Y. Apr. 11, 2005) (Amon, J.); *Tash v. Zenk*, 2005 WL 503938 (E.D.N.Y. Feb. 14, 2005) (Gleeson, J.); *Loeffler v. Bureau of Prisons*, 2004 WL 2417805 (S.D.N.Y. Oct. 29, 2004). The Second Circuit has affirmed this intepretation. *See Sash v. Zenk*, 344 F. Supp. 2d 376 (E.D.N.Y. 2004) (Garaufis, J.), *aff'd*, 428 F.3d 132 (2d Cir. 2005).

Petitioners also argue that they are denied equal protection by BOP's use of a different calculation formula in awarding GTC to those inmates serving less

---

[1] For example, the substantive paragraphs of the petitions in *Perez* and *Tash* are almost identical to the instant petition. *See Perez*, 2005 WL 990696, No. 04CV5069, docket at 1; *Tash*, 2005 WL 503938, No. 04CV4613, docket at 1.

4

than 13 months than that used for inmates serving longer sentences. This argument has also been rejected in this district. "Courts will uphold a law that neither burdens a fundamental right nor targets a suspect class so long as the legislative classification bears a rational relation to some independent and legitimate legislative end." *Perez*, 2005 WL 990696 at *4. It is established both that inmates are not a suspect class and that a reduction in sentence in exchange for good behavior is not a fundamental right. *Id.* The policy has also been found to be rationally related to the governmental purpose of awarding GTC to inmates whose shorter sentences would not otherwise entitle them to benefit from good behavior. *Id.*; *see also Pollard v. Zenk* 2005 WL 1263478, at *3 (E.D.N.Y. May 27, 2005) (Garaufis, J.) ("distinction between groups of inmates does not rise to constitutional dimensions").

This Court sees no reason to diverge from these opinions. Petitioners' application is therefore DENIED.

*Application to Amend*

Because the Petition is without merit, amendment to include petitioners Sulaiman Bah, Roy Cunningham, Noli Desaespada, Frank Mesisco, Michael Dent and Eladio Quinones would be futile,[2] and their respective motions are DENIED.

---

[2] Under the liberal standards of Rule 15, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Accordingly, "[l]eave to amend is generally granted unless the amendment: (1) has been unduly delayed; (2) is sought for dilatory purposes or is made in bad faith; (3) would cause undue prejudice to the opposing party; or (4) *would be futile*." *Hightower v. Nassau County Sheriff's Dep't*, 325 F. Supp. 2d 199, 204 (E.D.N.Y. 2004) (Spatt, J.), *vacated in part on other grounds*, 343 F. Supp. 2d 191 (E.D.N.Y. 2004) (citing *Forman v. Davis*, 371 U.S. 178, 182, (1962) (emphasis added)); *Bonilla v. Janovick*, 2005 U.S. Dist. LEXIS 325 (E.D.N.Y. Jan. 7, 2005) (Feuerstein, J.) (same).

## CONCLUSION

For the reasons discussed above, the instant petition, Petitioners' motion for class certification, and each of the pending motions to amend the petition are DENIED. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
       December 8, 2005

_____S/_____
SANDRA L. TOWNES
United States District Judge